UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANINE B. KNIGHT, | : |
| | : |
| Plaintiff, | : |
| | : No. 3:04CV1456 (MRK) |
| v. | : |
| | : |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | : |
| | : |
| | : |
| Defendant. | : |

## RULING AND ORDER

Currently pending before the Court is Defendant's Motion to Dismiss [doc. #9] Plaintiff's Complaint [doc. #1] because she failed to exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* Though Defendant seeks to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, the Court will construe Defendant's motion as a motion to dismiss for failure to state a claim upon which relief may be granted brought pursuant to Rule 12(b)(6), because "as a general matter, the failure to exhaust administrative remedies is a *precondition* to bringing a Title VII claim in federal court, rather than a *jurisdictional* requirement." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (emphasis added) (quotations and citations omitted); *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

1

Both parties agree that a "district court [can] only . . . hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dept. of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200-01 (2nd Cir. 2003) (internal quotations and citations omitted); *see also Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001) (same).

Defendant argues that (1) Plaintiff's United States Postal Service Equal Employment Opportunity ("USPSEEO") complaint concerned unlawful retaliation against Plaintiff for engaging in protected activity, while her Complaint filed in this case only alleges sex-based discrimination, (2) Plaintiff's retaliation claims and sex-based discrimination claims are not reasonably related, and thus (3) Plaintiff failed to exhaust her administrative remedies as required under Title VII. *See* Def.'s Mem. in Supp. of Mot. to Dismiss [doc. #10] at 1-2. Plaintiff counters that the claims in her USPSEEO complaint and her Complaint filed in this case are reasonably related, and thus she did exhaust her administrative remedies under Title VII. *See* Pl.'s Mem. in Opp'n to Mot. to Dismiss [doc. #20] at 4-5.

Though Defendant has raised significant issues as to whether the allegations found in Plaintiff's Complaint in this case are reasonably related to the allegations found in Plaintiff's USPSEEO complaint, the Court believes that it is premature at this point to dismiss Plaintiff's Complaint. Instead, the Court will give Plaintiff a chance to amend her Complaint (as she

2

requested in her Opposition to Defendant's Motion to Dismiss [doc. #20] at 5 n.1). Accordingly, Defendant's Motion to Dismiss [doc. # 9] is DENIED WITHOUT PREJUDICE TO RENEWAL, and Plaintiff is hereby ordered to file an amended complaint **by no later than June 24, 2005** that seeks to respond to Defendant's exhaustion arguments.

If Defendant chooses to renew its motion to dismiss after reviewing Plaintiff's amended complaint, Defendant must submit to the Court the entire USPSEEO Investigative Report regarding Plaintiff's case (No. 4B-060-0128-02) – including the affidavits and attachments – because the Court believes that the entire investigative report may be needed to determine whether any sex-based discrimination claims in Plaintiff's amended complaint would be "reasonably related" to her USPSEEO complaint, according to Second Circuit precedent. *See, e.g.*, *Deravin*, 335 F.3d at 201 ("In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving.") (internal quotations, brackets, and citations omitted); *Butts*, 990 F.2d at 1401-02 ("[T]he purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously *presented to and investigated by* the EEOC. . . .  [W]e have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the scope of the *EEOC investigation* which can reasonably be expected to grow out of the charge of discrimination.") (emphasis added) (internal quotations and citations omitted); *see also Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is the substance of the [EEOC] charge and not its label that controls.") (cited in *Deravin*, 335 F.3d at 201).

IT IS SO ORDERED.


/s/      Mark R. Kravitz
Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: June 9, 2005.**